1

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF FLORIDA .PANAMA CITY DIVISION**

ADEKUNLE  BABATUNDE OJELADE,

C.M.S, PgDipYSW ,Msc

P.O.BOX 35236

PANAMA CITY

32412

PLAINTIFF,

CASE NO. 5 : 0 6 C V 2 0 6
RS1 EMT

WILLIAM BUSTER COLEMAN

L.M.H.C

CHILDREN'S HOME SOCIETY

EMERALD COAST DIVISION

EXECUTIVE DIRECTOR

SUITE 100

700 W 23 ST

PANAMA CITY

32405

DEFENDANT

_____/

## EMPLOYMENT  SCRIMINATION COMPLAINT FILED UNDER 42 U.S.C s 12112

### Et seq..( American with Disabilities Act)

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

2006 OCT -3  PM 12: 02

KW

FILED

10/3/06
R# FLNS -9
$ 350

1.Defendant Employer is William Buster Coleman, L.M.H.C , Executive Director.

2.Defendant's buisness is Mental Health and Social Work Care Management Services.

The Buisness address and location of headquarters is Children's Home Society of

Florida. Corporate Office. 1485 S.Sermoran BLVD .Suite 1448.Winter Park. FL.32792.

3. Plaintiff was employed by Defendant from 4 August 2004 until 7 April 2006.

4.The location where Plaintiff was employed was Suite  100, 700 West 23rd street,

Panama city, Bay County, Florida 32405.

5. Plaintiff filed charges against Defendant with Equal Employment Opportunity

Commission on May 11 2006.

6. The Respondent named on EEOC charging document William Buster Coleman

L.M.H.C, is Executive Director. Children's Home Society, Emerald Coast Division by

attached document.

7. Defendant discriminated against Plaintiff as described in this complaint on and about

28 March 2006 and 7 April 2006.

8. As claimed in the EEOC charging document, the Defendant discriminated against

Plaintiff because of Plaintiff's disability and other as Negligent and Intentional acts of

Misrepresentation prior to termination and after termination by  record  notice of right of

appeal by Mr William Buster Coleman L.M.H.C.

9. Defendant discriminated against Plaintiff when Defendant terminated Plaintiff's

employment, retaliated against Plaintiff, failed to accommodate Plaintiff's disability,

unequal treatment and other as disparate treatment and hostile work environment as

breach of employment terms, conditions and contract.

10. The EEOC issued a Notice of Right to Sue which was dated 2 August 2006 and which was received by Plaintiff on 4 August 2006 >> >>The notice is attached to this complaint << <<.

11. Plaintiff also filed charges concerning this discrimination with the Florida Commission on Human Relations on May 24 2006 ref FCHR # 200601604.

12. **JURISDICTIONAL AND STATUTORY BASIS OF CLAIM**:

The Jurisdictional and Statutory Basis of Claim is brought for Discrimination in employment pursuant to Americans with Disabilities Act of 1990, as codified , 42 US s 12112-12117.

13 **STATEMENT OF FACTS**:

13 A.  Mr  William Buster Coleman L.M.H.C is Executive Director of Children's Home Society, Emerald Coast Division , Panama city. He is responsible for  management, administrative and professional care supervision. Mr Coleman L.M.H.C  also managed professional mental health practice by diagnosis, plan, review and implementation of treatment. Mr Coleman L.M.H.C was Employer of Adekunle  Babatunde Ojelade C.M.S, Pg DipYSW , Msc. Mr Coleman L.M.H.C was not the direct supervisor of  Mr Ojelade C.M.S, PgDipYSW, Msc.

13 B.  Mr Coleman L.M.H.C knew Mr Ojelade C M S, Pg DipYSW, Msc had a severe medically determinable physical and mental health impairment after accident in employment on September 22 2005 by October 18 2005 and November 22 2005 letter from Debi Bratcher of  Children's Home Society Corporate office at Winter Park .

This limited Mr Ojelade C M S, PgDipYSW, Msc major activity of work. Mr Ojelade C M S, Pg DipYSW, has a physical and mental health condition that limited major life activity as Anxiety Disorder( unknown to Mr Coleman L.M.H.C at sept 22 2005) and now disclosed. After the September 22 2005 accident, this manifested by depression in addition to fatigue, concentration, sleep impairment as limiting capacity to pain and a physical disability of muscular skeletal disorder by neck, back and radicular leg pain. This is permanent impairment which restricts lifetime activity of lifting 30 pound weight without muscular skeletal neck, back and radicular leg pain and mental impairment by nervous psychosis reaction to stress excluding pervasiveness of schizophrenia, schizoaffective and schizophrenia form personality disorder by DSMIV/ICD10 objective clinical criterion. This is evident by record of April 28 2006 by Life Management Center of N.W Florida Inc, November 21 2005 Neurology record by Dr Jacob , August 29 2006 Physical therapy  treatment by Advance Therapy. This I state as abnormal stress to my life activities without trauma of accident of  September 22 2006 as limiting my normal activities as life impact.

13 C. Mr Coleman L.M.H.C as Executive  Director in charge of Human Resources as part of administrative management of health and safety at work was aware of the accident of September 22 2006. Mr Coleman L.M.H.C was aware that Mr Ojelade CMS, PgDipYSW, Msc as an employee was determined to have severe physical and mental impairment which was accorded family medical leave status by pay calculation and absence from work  by Debi Bratcher by October 18 2006 and November 22 2006 letter of Benefits Dept which was managed by Ms Joan Hughes as Vice president, Human

Resources of Children's Home Society, Corporate office, Winter Park, Florida.

13.D  Mr Coleman L.M.H.C and Ms Hughes had an employment practice which contravened the written policy of Childrens Home Society of Florida by denial of equal opportunity, harassment and intimidation of Mr Ojelade CMS, PgDipYSW, Msc as an employee disabled after accident of sept 22 2005.This was by failure to implement reasonable accommodation to Mr Ojelade CMS, PgDipYSW, Msc through absence of retaliation in actions of Ms Hughes , Ms Fultz and Mr Coleman L.M.H.C because Mr Ojelade CMS, PgDipYSW, Msc reported on 16th Jan 2006 unsafe conditions at work according to CHS Employee handbook  effective 06/1996,revison date 10/2003, review 11/2004 (pg 11-15,19-25,40-44).

13 E.  On March 28 2006, such retaliation by failure to make reasonable accommodation to Mr Ojelade CMS,PgDipYSW,Msc was recorded by Ms Lynne Schneider PS II supervisor to Mr Ojelade CMS,PgDipYSW,Msc by increase in productivity requirement to 32 hours per week from previous 30. Mr Ojelade CMS, PgDipYSW,Msc required modification by time, fixed daily schedule and driving reassignment necessary for productivity increase in 32 hours in relation to health and safety at work by CHS policy.

13 F.  Mr Ojelade CMS, PgDipYSW,Msc had provided Health and Safety information to Ms Schneider PSII as direct supervisor and Ms Fultz as Human resource Officer ;from Dr LaBarbera, Psychologist dated March 28 2006 and information from me on dated March 27 2006 on repetitive motion difficulties which impaired driving by physical muscular impairment and my need for  health and safety in exposure to direct threat by compliance in performing employer productivity requirement.

13 G. Ms Schneider PS II supervisor and Ms Fultz Panama city Human resource officer did not refer me to a rehabilitation counselor or specialist for mental health related physical impairment as required by CHS employment conditions. It was decided by my employers that I should return to work without any work place reasonable adaptation stated and Ms Schneider PS II supervision record of 28 March 2006 was a clear, explicit and final indication of denial of my written request for adaptations at work recorded by me on March 27 2006 received as information on march 28 2006 by Ms Fultz.

13 H. I suffered severe dry mouth, chaffed tongue which made speech difficult and painful, my lips sore, whitish and I suffered migraine and nausea by Ultram 200 mg prescribed on March 27 2006. I experienced severe sleep deprivation as I had to wake up earlier than normal to take the extended release medication to assist me to be able to perform delegated tasks and maintain mobility from pain at work.

13 I . I did not have any disciplinary warnings, written or oral warnings about my compliance with delegated work. On April 5 2006, Ms Fultz requested verbally if I would meet Ms Hughes. I agreed and asked for clarification on this verbal request. I asked for C.H.S policy on this meeting,as I was anxious to avoid mixed motives. Since no response or investigation was implemented to conclude my health and safety concerns at work recorded on 16th January 2006, by use of medical information, which was direct threat to my health and safety at work by compliance with employer productivity requirement before March 28 2006. Ms Fultz and her supervisor Ms Hughes never provided a specific agenda or policy and Ms Hughes did not state that her proposed meeting after April 5 2006 was voluntary or it's agenda was to agree a process of reassignment or change of

employment status. This was reflected in my concerns in 2 letters dated 3-5-06 corrected

as April 5 2006 and April 6 2006 in response to memo by Ms Hughes dated April 5 2006

delivered by Kathy Fultz on April 6 2006. A hostile work environment existed at this

period from this information. I felt anxious, intimidated and I felt unfair treatment in

comparism to Ms Hughes who by her senior position could compel me to attend a

meeting at will without a procedure /policy known to me or presented to me in presence

of my direct supervisor according to CHS policy. Despite my reservations , I attended the

meeting of 7th April 2006. I recollect that I had to request whereabouts of Ms Hughes

from Ms Fultz and Ms Pat Mills( Supervisor CHS Adoptions&Fostering). It was Ms

Mills who took me to Mr Coleman's office. I was never informed of time of meeting and

how long it would last in view of my impairments and my concerns by supervision record

of March 28 2006. I met Mr Coleman L.M.H.C and Ms Hughes in Mr Coleman's office.

Mr Coleman L.M.H.C and Ms Hughes did not state it was a voluntary reassignment

meeting in relation to my condition as a disabled person or with physical and mental

impairment. This was another form of retaliation and failure to implement work

accommodations to me.  This led to a confirmation of my perception and confirmation of

a hostile work environment. The termination letter of 7 April 2006 by Ms Hughes states

"she looked for me before and after the meeting". This intentional attestation, which is

false to me was  emotional detriment and it has not been retracted. It is made humiliating

by Mr Coleman L.M.H.C letter of April 17 2006 stating  I should appeal decision of Ms

Hughes as part of written CHS policy when Mr Coleman L.M.H.C was in agreement with

Ms Hughes decision to terminate my employment as "gross insubordination by failure to

attend required meeting". I had called Mr Coleman L.M.H.C after the meeting to report my health condition and whereabouts.

13 J. I suffered from headache and fatigue after the meeting of 7 April 2006 and I asked Ms Fultz and Ms Hughes for first aid assistance, which was not provided. I suffered disparate treatment  because my employment was terminated by Ms Hughes after this. Ms Hughes stated I failed to attend a required meeting and this was gross insubordination. Ms Fultz and Mr Coleman L.M.H.C acted in complicit with Ms Hughes as none stated I did not fail to attend required meeting or that such was mandatory. I even provided a buisness record to protect the interests of CHS Florida as a reputable buisness even though by actions of Mr Coleman L.M.H.C, Ms Hughes and Ms Fultz, I did not experience by this incident, same professional conduct and absence of disciplinary misconduct in my association with CHS staff. This is set in my record of April 7 2006,( corrected , dated April 6 2006).I was discharged as an employee for a conduct which I did not breach by CHS Florida conduct policy and disciplinary procedure. A supervisor Ms Rodriquez, a female education counselor whose name I cannot remember, Ms Coleman ( secretary), Ms Gainey( Mr Coleman L.M.H.C) secretary were factual witnesses that I did not leave the premises before the departure of Mr Coleman L.M.H.C and Ms Hughes who indicated during the meeting that a policy on basis of the meeting would be provided , to which I recessed for them to provide such. They never did and they left the premises without providing this to me.

14 .This is a disability related claim  and I , Adekunle Ojelade CMS, PgDipYSW,Msc state that the defendant did deny a  request for a reasonable accommodation as explained

in statement of facts paragraph number # 13D, #13E,# 13G,# 13 I  as part of the column above .

**RELIEF**

15. As  relief from the allegations of discrimination as stated above, Plaintiff prays that the court grant the following relief  to Plaintiff by order that Defendant be directed to cease disability discrimination as employment practice in its buisness.

16. As additional relief to make Plaintiff whole, Plaintiff seeks , that defendant as employer retract intentional misrepresentation of Plaintiff's record of employment as "termination due to gross insubordination" and cease negligent misrepresentation which persists even further without cessation as "failure to attend required meeting",which is willfully supported as a disciplinary action and record  by Mr Coleman LMHC information of April 17 2006 on Appeal of decision to James Patrick.

17.I seek injunctive relief by award of punitive damages against defendant .

18. I seek monetary damages calculable by breach of contract of employment, severance pay, loss of employment benefits and remuneration.

19. I seek costs and fees involved in litigating this case and such other relief as may be applicable including attorney's fee's , if applicable.

20.Plaintiff seeks a jury trial.

I hereby, declare under penalty of perjury that the foregoing statements have been written by me and are true and correct.

s/Adekunle. B.Ojelade CMS,PgDipYSW,Msc

10/3/06

Adekunle Ojelade ProSe

P.O.BOX 35236

Panama city, FL 32412

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 3 October 2006, I filed the foregoing with the Clerk of the Court by U.S Mail and by U.S Mail to the defendants: William Buster Coleman LMHC, Executive Director Children's Home Society at St 100, 700 West 23rd St, Panama city, FL,32405 and Ms Joan Hughes and James Patrick at Children's Home Society of Florida. Corporate Office. 1485 S.Sermoran BLVD .Suite 1448.Winter Park. FL.32792.

s/Adekunle. B.Ojelade CMS, PgDipYSW,Msc

Adekunle Ojelade ProSe

P.O.BOX 35236

Panama city, FL 32412

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Adekunle Ojelade
      P.O. Box 35236
      Panama City, FL 32412

From:   Tampa Field Office - 511
        501 East Polk Street
        Room 1000
        Tampa, FL 33602

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2006-01413 | Carey Shepherd, Investigator | (813) 202-7912 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
|  | While reasonable efforts were made to locate you, we were not able to do so. |
|  | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
|  | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Enclosures(s)

On behalf of the Commission

**Manuel Zurita,**
**Director**

_08/02/06_
(Date Mailed)

cc:    **Buster Coleman**
       **Executive Director**
       **CHILDRENS HOME SOCIETY**
       **Emerald Coast Division**
       **700 West 23rd St. Ste 100**
       **Panama City, FL 32405**

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Case 5:06-cv-00206-RS-EMT   Document 1   Filed 10/03/06   Page 13 of 13



*State of Florida*
Flo'' .a Commission on Human Relations

*An Equal Opportunity Employer ●Affirmative Action Employer*



**Jeb Bush**
*Governor*

2009 Apalachee Parkway ● Suite 100 ● Tallahassee, Florida 32301-4857

(850) 488-7082
Web Site http://fchr.state.fl.us

**Rita Barreto Craig**
*Chair*

**Derick Daniel**
*Executive Director*

May 24, 2006

Juanita McKinnie
Tampa Area Office, EEOC
501 East Polk Street, 10th Floor
Tampa, Florida 33602

FROM: Joseph Cash, Intake–Customer Service Supervisor

Re: Adekunle B. Ojelade vs. Children's Home Society, Emerald Coast Divis
FCHR #: 200601604

Paperwork referenced above is being transferred to your office for further processing.
The Charging Party (CP) worked within the geographical jurisdiction of the Tampa Area Office.

If you have any questions, please do not hesitate to contact me at (850) 488-7082 ext. 1022.

Enclosures
Original Paperwork Received

Cc: Adekunle B. Ojelade
    P.O. Box 35236
    Panama City, FL 32412

JC/JH

**COMMISSIONERS**

**Donna Elam, Vice Chair**
*Orlando*

**Gayle Cannon**
*Lake City*

**Billy Whitefox Stall**
*Panama City*

**Dominique B. Saliba**
*Miami Lakes*

**Keith A. Roberts**
*Dania Beach*

**Roosevelt Paige**
*Orange Park*

**Gilbert M. Singer**
*Tampa*

**Anice R. Prosser**
*Tallahassee*

**Shahrukh S. Dhanji**
*Coconut Creek*

**Mario Valle**
*Naples*

**Onelia A. Fajardo**
*Miami*