IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADEKUNLE BABATUNDE OJELADE,
    Plaintiff,

vs.                                    Case No: 5:06cv206/RS/EMT

WILLIAM BUSTER COLEMAN, et al.,
    Defendants.
_____/

### ORDER

Plaintiff initiated this action on October 3, 2006 by filing a civil complaint pursuant to 42 U.S.C. §§ 12112–12117, the Americans with Disabilities Act (Doc. 1). The filing fee has been paid. This cause is now before the court upon Plaintiff's "Motion to Show Cause of Defendant's [sic] Avoidance of Statute" (Doc. 7), filed in response to this court's March 27, 2007 order to show cause (*see* Doc. 6).

On October 11, 2006, the court ordered Plaintiff to effect service on Defendants (*see* Doc. 3 at 2). The clerk issued summonses and provided waiver forms to Plaintiff (*see id.*; *see also* Docket Entry 4). In light of Plaintiff's pro se status, the court also provided Plaintiff with information concerning service, including the fact that the procedural rules require that service be effected within 120 days from the date of filing the complaint (Doc. 3 at 1; *see also* Fed. R. Civ. P. 4(m)). On March 27, 2007, the court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to timely serve the complaint (Doc. 6 at 1–2). Plaintiff responded to the court's order to show cause by stating that he delivered a copy of the complaint, the summons, and the waiver or service form to Defendants by certified mail on October 4, 2006, October 25, 2006, and October 26, 2006 (Doc. 7 at 2). As proof of delivery, Plaintiff has attached photocopies of certified mail receipts showing delivery to Defendants on the said dates (*id.*, Appendices 1, 2, 3).

Plaintiff has not attached an executed waiver of service form or an executed summons for any Defendant. Thus, it appears that no Defendant has been formally served with a copy of the complaint.

As the court previously informed Plaintiff, to effect service of process, each Defendant must be personally delivered a copy of the complaint <u>and</u> a summons that is issued to Plaintiff by the clerk of the Court. Such personal delivery may be made by anyone who is at least 18 years of age and who <u>is not a party to this action</u>. To the extent Plaintiff sues Defendants in their <u>individual</u> capacities, Rule 4(d) of the Federal Rules of Civil Procedure allows Plaintiff the option of sending Defendants a notice of the commencement of the action and a request that the Defendant waive formal service of process. <u>If Defendant fails to return the waiver form, Plaintiff must formally serve that Defendant,</u> and that Defendant may be liable for the costs of formal service. To the extent Plaintiff sues Defendants in their capacity as a Florida non-profit corporation, service must be made in accordance with Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h)(1) provides that service shall be effected in the same "manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." In Florida, § 48.081, Fla. Stats. (2006), governs service upon a corporation and provides that process may be served "(a) On the president or vice president, or other head of the corporation; (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager; (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director." *See* § 48.081, Fla. Stats.

In light of Plaintiff's pro se status, he shall be given an additional thirty (30) days from the date of docketing of this order to effect personal service on each named Defendant. *See* Fed. R. Civ. P. 4(m) (granting the court power to "direct that service be effected within a specified time" if service is not made within 120 days). Plaintiff shall thoroughly review Rule 4 of the Federal Rules of Civil Procedure before attempting service. Finally, Plaintiff is advised that failure to effect service on Defendants within thirty (30) days of the date of docketing of this order may result in a recommendation that this case be dismissed.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Show Cause (Doc. 7) is **GRANTED** to the extent that Plaintiff shall be given additional time within which to effect service.

2. The clerk of the court shall issue and forward a summons for each Defendant to Plaintiff for service upon Defendants.

3. Within **THIRTY (30) DAYS** from the date of the docketing of this order, Plaintiff shall properly serve a summons, a copy of the complaint, and a copy of this order upon each Defendant.

4. Failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 10th day of April 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**