IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADEKUNLE BABATUNDE OJELADE,
    Plaintiff,

vs.                                        Case No: 5:06cv206/RS/EMT

WILLIAM BUSTER COLEMAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on referral from the clerk.  Plaintiff initiated this action on October 3, 2006 by filing a civil complaint pursuant to 42 U.S.C. §§ 12112–12117, the Americans with Disabilities Act (Doc. 1).  The filing fee has been paid.

    On October 11, 2006,  the court ordered Plaintiff to effect service on Defendants (*see* Doc. 3 at 2).  The clerk issued summonses and provided waiver forms to Plaintiff (*see id.*; *see also* Docket Entry 4).  In light of Plaintiff's pro se status, the court also provided Plaintiff with information concerning service, including the fact that the procedural rules require that service be effected within 120 days from the date of filing the complaint (Doc. 3 at 1; *see also* Fed. R. Civ. P. 4(m)).  On March 27, 2007, the court issued an order requiring Plaintiff to show cause why this action should not be dismissed for failure to timely serve the complaint (Doc. 6 at 1–2).  Plaintiff responded to the court's order to show cause by stating that he delivered a copy of the complaint, the summons, and the waiver of service form to Defendants by certified mail on October 4, 2006, October 25, 2006, and October 26, 2006 (Doc. 7 at 2).  As proof of delivery, Plaintiff attached photocopies of certified mail receipts showing delivery to Defendants on the said dates (*id.*, Appendices 1, 2, 3).

    On April 10, 2007, the court issued an order advising Plaintiff that he had failed to effect proper service and that each Defendant must be personally served because there was no indication

that any Defendant had waived service (Doc. 8). Plaintiff was again advised on how to properly effect service under Rule 4 of the Federal Rules of Civil Procedure, and he was granted a thirty (30) day extension in which to effect proper service (*see* Doc. 8 at 2–3).

On April 24, 2007, Plaintiff filed a "Motion to Tender Certificate of Summons," which the court construes as a (purported) notice of proof of service (Doc. 11). Subsequent to this notice, Plaintiff filed two (2) "executed" summonses as to Defendant Coleman and Defendant Children's Home Society ("CHS") (*see* Docs. 12, 13). The declarations of service as to both Defendants have been executed by "United States Postal Services" and are postmarked April 16, 2004 "USPS - GMF PANAMA CITY, FL 32412" (*see* Docs. 12, 13 (returns of service)). In effect, Plaintiff appears to assert that he has properly effected service by using the United States Postal Service, despite being previously advised that this was not a proper way to effect service (*see* Docs. 3, 8).

Rule 4(c)(2) of the Federal Rules of Civil Procedure provides, in relevant part, "[s]ervice may be effected by any person who is not a party and who is at least 18 years of age." Additionally, Rule 4(e) provides that service may be effected (1) "pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual <u>personally</u> or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e) (emphasis supplied); *see also* Fed. R. Civ. P. 4(h)(1) (describing how to perfect service on a corporation and referencing Rule 4(e)(1) and (2)). Section 48.021(1), Florida Statutes (2006), provides that "process shall be served by the sheriff of the county where the person to be served is found . . . or by a certified process server." In addition, § 48.081, Florida Statutes (2006), governs service upon a corporation and provides that process may be served "(a) On the president or vice president, or other head of the corporation; (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager; (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director." *See* § 48.081, Fla. Stats.; *see also* § 48.091(2), Fla. Stats. (2006) (providing that all Florida corporations must keep a registered office open from 10 a.m. to 12 noon each business day).

Case No: 5:06cv206/RS/EMT

Plaintiff has failed to comply with the requirements of Rule 4.  Initially, there is no indication that Plaintiff has obtained a waiver of service from any Defendant pursuant to Rule 4(d), and the record demonstrates that Plaintiff has failed to effect proper service on Defendants as previously ordered on two occasions by the court (*see* Docs. 3, 8).  The "United States Postal Services" is not a natural person and cannot effect personal service under Rule 4.  Furthermore, there is no indication that Plaintiff complied with Rule 4(e) and Florida law to effect service via a Florida county sheriff or certified process server.

More than 120 days have elapsed since the filing of this suit on October 3, 2006.  *See* Fed. R. Civ. P. 4(m) ("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative . . . shall dismiss the action without prejudice").  Furthermore, Plaintiff has failed to comply with this court's April 10, 2007 order directing that personal service on Defendants be obtained on or before May 10, 2007 (*see* Doc. 8 at 3).

Accordingly, it is respectfully **RECOMMENDED:**

1.      That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court and Rule 4(m).

2.      That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 18th day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**